### MARIA ENCARNACION ROMERO *v.* LUGARDA MUÑOS.

BILL TO PROTECT POSSESSION RECOVERED IN EJECTMENT.—Where, after the plaintiff has recovered in ejectment and been put in possession, the defendant re-enters upon the premises, expels the plaintiff, and destroys his crop, etc., a bill will lie to restore the plaintiff to possession and to enjoin the defendant from further molesting or disturbing him therein, there being no adequate regal remedy.

INJUNCTION AGAINST TRESPASS.—An injunction will lie to restrain trespasses for which there is no adequate remedy at law.

APPEAL from the district court for Rio Arriba county. The opinion states the case.

*J. S. Watts,* for the appellant.

*M. Ashurst,* for the appellee.

By Court, BENEDICT, C. J.:

In the district court the defendant demurred to the complainant's bill in chancery, which was sustained by the court, and judgment rendered in favor of defendant for costs, and thereupon complainant appealed. The demurrer averred that the bill did not contain equity. The bill shows that at the September term, 1854, of the district court for Rio Arriba, the complainant prosecuted a suit in ejectment against this defendant, succeeded upon the trial, obtained execution in due time, and was duly put, by the sheriff, in possession of the lands and premises in question. In March, 1855, the defendant, as the bill says, "unlawfully and in contempt and disregard of said judgment and recovery, entered upon and took possession of said lands (the same recovered in the ejectment suit), pulled up and destroyed the crop of the complainant, planted and growing on said land, to her damage in the sum of sixty dollars." She further states that she was unlawfully deprived of the possession of the lands which she had rightfully obtained in her suit against Muños, and also deprived of the benefit of the same; also that defendant was trespassing upon the lands of the complainant, and outside of those described. Other matters are stated, but, for the purposes of this opinion, enough are recited. An injunction was prayed for, to enjoin defendant from molesting, disturbing, harassing, or driving away complainant from the possession of her land. She also prayed to be restored to the possession, and to be secured from the disturbance of Muños, etc. She charges, likewise, that defendant had carried the crops, etc., away.

But few points are presented for consideration in this case. We think the court erred in sustaining the demurrer. Equity obtains jurisdiction where the remedy at law is not plain, adequate, and complete. It is not enough to exclude its jurisdiction that there is a remedy at law. The remedy should be equal to give complete redress. If it fails in some essential quality, the equity may be invoked. In this case the plaintiff had pursued her remedy by ejectment. All that that action would do for her had been done; complete

execution had been had; that cause was ended. Still in utter contempt of the force of the law sanctions in favor of the plaintiff, defendant again, by some means, re-enters the lands, and deprives the plaintiff of the enjoyment of her lawful possession. Will equity say that the plaintiff has no other remedy than to repeat her ejectment case? And how many times must she be remitted to the deprivation of the possession and the same lawsuit, with all the harassments and expenses incident thereto, before she can find equitable relief by injunction?

When such a persistent disregard of legal rights as is set forth in this case, with such a virtual disobedience of the mandates of the courts, are prepetrated, it is time that the courts interfere to prohibit their repetition in future. It may be said that resort may have been made to the action of forcible entry and detainer within the jurisdiction of a justice of the peace. What hope could the plaintiff have, when the action of the district court had been set at naught, that any redress could be effected through the justice's court? Again, to give the justice jurisdiction, the entry or detention must have been in certain modes, and, from the bill, it is by no means certain that the entry in this case was made in either of those modes. The justice can not take jurisdiction where the titles or boundaries of the lands should come in question, and from the bill it is quite probable that the latter would arise upon the trial. So, both in the prosecution of trespass, and to arrest the committing of threatened trespass, equity frequently interferes. The injured party is not compelled to lie still and submit to trespasses until his wrongs or his ruin shall become complete, and then seek his redress through the vexatious and costly and sometimes doubtful process of law. He may seek a relief from equity adequate to save him from the trespasses and their consequences in time.

How the proof may disclose the facts on the hearing of this complaint we of course know not. We are now passing upon the case as it stands upon the record, and we think that the defendant should have been required to answer. Upon hearing the case after the parties shall make

their issue and produce their proof, or in whatever mode the cause shall stand before the court for hearing, it will be able to render such decree as equity and justice shall require. We think the face of the bill presents ample grounds for an injunction. It is the unanimous opinion of this court, that the judgment of the district court be reversed, and that this cause be remanded to said court for further hearing; that the demurrer be overruled, and the defendant be required to answer the bill, and that the appellee, Muños, pay the costs of this appeal, and that the clerk in certifying this case to the court below, certify also a copy of this opinion.

Reversed and remanded.